# IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHAPTER 13 PLAN

Check:        **X**   Original        ____Amended Pre-Confirmation        _____Modified Post-Confirmation

IN RE: Jeffrey and Karen Conley                                                        CASE NUMBER: 15-30128
          Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of **$ 425.00** on a _____ weekly; _____ bi-weekly; ____ semi-monthly; or **X** monthly basis over a term of **60** months by ____**X**____ direct pay or wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtors shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees, adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the plan payments in Paragraph 1, debtor(s)' tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none; ___ all; or, **X** in excess of **$ 1,000.00**. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor with proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(a) paid in full in deferred cash payments.

    a)    Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of **$ 3,000.00**, less **$ 200.00** previously paid by the debtor(s).

    b)    **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c)    **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507 (a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specific assigned domestic obligations are identified as, and shall be paid by the Trustee as follows: _N/A_____

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy Rule 3001-1 (a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are

subject to objection if they are not properly documented and/or perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: World Finance

8. **SECURED CLAIMS PAID BY THIRD PARTY.** N/A

9. **SURRENDERED REAL OR PERSONAL PROPERTY:** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, the creditor shall file and be paid an amended unsecured deficiency claim which shall relate back to a timely filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

| Creditor | Collateral |
|---|---|
| Easy Auto/Sunrise Acceptance | 2001 Chevy Blazer, surrendered in Full Satisfaction, no payments by the debtor or the Chapter 13 Trustee. |

10. **LONG-TERM SECURED PERSONAL PROPERTY LIEN(S):** N/A

11. **SECURED PERSONAL PROPERTY CLAIMS**: The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

| Creditor | Collateral | Amount | Payment | Interest Rate |
|---|---|---|---|---|
| Santander Consumer USA | 2011 Chevy Aveo | $13,290.58 | $260.00 | 3.25% |
| Tennessee Title Loans | 2003 Chevy Astro Van | $1,259.00 | $25.00 | 3.25% |
| United Consumer Financial | Kirby Vacuum Cleaner | $200.00 | $5.00 | 3.25% |

12. **MORTGAGE CLAIMS:** N/A

13. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: \_\_\_\_ 0%; __X__ 1%-5%; \_\_\_\_ 6%-20%; \_\_\_\_ 21% -70%, \_\_\_\_ 71% - 100%; or \_\_\_\_ 100%

14. **COSIGNED DEBT.** N/A

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** N/A

16. **QUALIFIED RETIREMENT AND/OR PENSION** N/A

17. ***SPECIAL PROVISIONS**. None


**January 15, 2015**         /s/**Jeffrey Allen Conley** and /s/**Karen Lurline Conley**
Date                  Debtor(s)


**/s/Cynthia T. Lawson**  , Debtor(s) Attorney; State Bar Code 018397
Cynthia T. Lawson, Bond, Botes & Lawson, PC, 6704 Watermour Way, Knoxville, TN 37912, 865-938-0733